IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOBBY LEE BATTLE,
#M12177,

                Plaintiff,

vs.                                                  Case No. 18-cv-1336-MJR

OFFICER KUNATAN,
OFFICER MILES, and
JEFFERY M. DENNISON,

                Defendants.

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Bobby Lee Battle, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Illinois River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's claims relate to his prior incarceration at Shawnee Correctional Center ("Shawnee"). According to the Complaint, officials violated Plaintiff's constitutional rights by subjecting him to humiliating treatment.

This matter is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

According to the Complaint, on April 29, 2018, from approximately 5:00 p.m. until 5:55 p.m., Officers Kunatn and Miles subjected Plaintiff to humiliating treatment. (Doc. 1, p. 5). Specifically, Plaintiff claims that Kunatn and Miles ordered him and his cellmate to "put on a[n] adult [diaper] and walk the whole tier." *Id.* Defendants allegedly told Plaintiff he would be punished with segregation and loss of good conduct credit if he refused to comply with the order. *Id.* Plaintiff also claims that both officers have directed racially charged statements at him and that, because the officers often spend time in Plaintiff's cell (to "fake fight" with him or "sit[ting] on [his] bed and talk[ing] about lots of things every day"), other inmates and his family members have accused him of being a "bitch" and a homosexual. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. **Any claims that are not identified below are dismissed without prejudice from this action.[1]**

>   **Count 1 -** Eighth Amendment claim against Defendants for ordering Plaintiff to walk the tier in an adult diaper.

The Complaint articulates a viable Eighth Amendment claim against Kunatn and Miles for ordering Plaintiff to walk, in front of other prisoners, in an adult diaper. It is difficult to discern any possible penological purpose for such a directive, and taking Plaintiff's allegations as true, it appears that the directive was issued to humiliate and harass him. Accordingly, Count 1

---

[1] This includes Plaintiff's minimal allegations pertaining to racially charged statements and/or the officers' alleged habit of sitting down and speaking to Plaintiff in his cell, causing other inmates and family members to question Plaintiff's sexuality.

shall receive further review as to Kunatn and Miles. *See e.g., Mays v. Trancoso*, 412 F. App'x. 899, *3 (7th Cir. 2011); *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). The Complaint, however, fails to state a claim as to Warden Dennison; there is no indication that he was personally involved in the alleged constitutional violation. Accordingly, he shall be dismissed from Count 1, and from the Complaint, without prejudice. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge Stephen C. Williams.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1,** shall proceed against **KUNATN** and **MILES. COUNT 1** is **DISMISSED** without prejudice as to **DENNISON.** The Clerk of the Court is **DIRECTED** to terminate **DENNISON** as a defendant in CM/ECF.

The Clerk of Court shall prepare for **KUNATN** and **MILES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant and the Court will require Defendant to pay the full costs of formal service to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: July 26, 2018**

    **s/ MICHAEL J. REAGAN**
    **Chief Judge**
    **United States District Court**